UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LONG, | ) | CASE NO.: 4:25-CV-1349 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN FCI ELKTON, | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

On June 27, 2025, *pro se* Petitioner David Long ("Petitioner" or "Long") filed this Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. 1.) He claims the federal Bureau of Prisons ("BOP") failed to apply earned time credits under the First Step Act, thereby preventing his early release into a residential reentry center, home confinement, or supervised release. (*Id.* at 1, 3.)[1]

On December 7, 2022, Petitioner was convicted on charges of Conspiracy to Possess with Intent to Distribute and Distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B)(ii) and 846. (*Id.* at 5.) He was sentenced to 60 months incarceration, followed by four years of supervised release. (*Id.*) Petitioner states he has participated in Evidence-Based Recidivism Reduction Programs and Productive Activities, making him eligible to accrue credits under the First Step Act under 18 U.S.C. § 3632(d)(4). (*Id.*) Petitioner asserts, without explanation, that he was denied the application of earned time credits toward prerelease custody. (*Id.* at 9.) He does not indicate the reason the BOP gave for denying the application of

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

credits. (*Id.*)

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, if this Court determines the Petition fails to establish adequate grounds for relief, the Court may dismiss the Petition at any time or make any such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under § 2243).

Before a prisoner may seek habeas relief under 28 U.S.C. § 2241, he must exhaust his administrative remedies within the BOP. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Administrative exhaustion is necessary both to give the agency the first opportunity to correct its own mistakes and, should the disagreement persist, to provide a reviewing court with a complete and an adequate record to review the agency's actions. *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (citations omitted). To ensure that the agency has the opportunity to review the substance of the action in question, a § 2241 petitioner must have fully and strictly complied with the agency's rules for processing challenges to its actions, such as deadlines and filing requirements. *Id.* at 88, 90-91.

Petitioner has not shown that he has exhausted remedies available to him. (*See* Doc. 1.)

He states his conditional release date passed months ago. (Doc. 1 at 5.) "Petitioner asserts that exhaustion has either been completed or is excused as futile, based on BOP's noncompliance and procedural default. (*Id.*) He claims his "administrative remedy process is either exhausted or moot, given irreparable loss of liberty and the systemic delay in adjudication." (*Id.*) He further claims exhaustion is futile due to "the BOP's failure to timely respond to administrative grievances, and its known pattern of delays or blanket denials regarding FSA credit application . . . ." (*Id.* at 6.) Petitioner asks this Court to waive the exhaustion requirement under the futility doctrine. (*Id.* at 7.)

Contrary to Petitioner's assertion, exhaustion would not be futile. There are multiple reasons why the BOP may deny or delay application of earned time credits. The First Step Act allows the Director of the Bureau of Prisons to transfer eligible prisoners, as determined under 18 U.S.C. § 3624(g), into prerelease custody or supervised release. In turn, § 3624(g) defines the term "eligible prisoner" as:

> a prisoner (as such term is defined in section 3635) who--
>
> (A) has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;
>
> (B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> (C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and
>
> (D)(i) in the case of a prisoner being placed in prerelease custody, the prisoner--
>
>> (I) has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
>>
>> (II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's

> determination that--
>
>> (aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
>>
>> (bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
>>
>> (cc) the prisoner is unlikely to recidivate; or
>
> (ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

§ 3624(g)(1). A prisoner whose recidivism risk score is not consistently at the minimum or low level may not be eligible for placement in prerelease custody. § 3624(g)(1)(D)(ii). Furthermore, the statute lists 68 offenses of conviction which make a prisoner ineligible to earn credits even if he or she participates in the appropriate programming. § 3632(d)(4)(D). Finally, subsection (E) renders a prisoner ineligible to apply time credits if the prisoner is the subject of a final order of removal under any provision of the immigration laws. § 3632(d)(4)(E). Even if the prisoner meets the eligibility requirements and is not subject to deportation, the First Step Act prohibits the application of any earned time credits to accelerate a prisoner's date of access to prerelease custody or supervised release until the total number of earned time credits is equal to the amount of time remaining on his sentence. *See* § 3624(g)(1)(A); 28 C.F.R. § 523.44(b)(1).

To exhaust his administrative remedies, a federal prisoner must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 WL 5994519, 2020 U.S. Dist. LEXIS 188104,

at *7 (N.D. Ohio Oct. 9, 2020). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so . . . ." *Hartsfield v. Vido*r, 199 F.3d 305, 309 (6th Cir. 1999).

Petitioner does not indicate why the BOP denied his application of earned time credits. The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Therefore, the BOP is in the best position to correct any errors that may have occurred.

For the reasons stated herein, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED, and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

Date: September 12, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE